UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARY R. PITT,<br>    9206 Birch Crest Way<br>    Lorton, VA 22079<br><br>        Plaintiff,<br><br>        v.<br><br>ELAINE C. DUKE,<br>    Acting Secretary, U.S. Department<br>    of Homeland Security,<br>    3801 Nebraska Ave, N.W.<br>    Washington, DC 20016,<br><br>        Defendant. | Civil Action No. _____ |

## COMPLAINT
(Employment Discrimination)

### Introduction

1. Plaintiff Mary Pitt brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, and 42 U.S.C. § 1981a, to remedy acts of employment discrimination perpetrated against her by the United States Department of Homeland Security ("DHS"). Plaintiff contends that management at this federal defendant discriminated against her because of her race (African American), and her sex (female) by failing to select her for any of the Protective Security Advisor positions advertised under Vacancy Announcement Number FS-1331913-SW15, and by excluding her from being eligible to apply, and thereby failing to select her, for a PSA position located in Atlanta, Georgia, though she was the most qualified for these positions. As a consequence of these discriminatory actions, Ms. Pitt has been made to suffer loss

of pay, career damage, as well as personal and professional humiliation, and loss of enjoyment of life.

### Jurisdiction

2. This Court has jurisdiction over the subject matter of this civil action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16(c). Plaintiff received the Department of Homeland Security's Final Agency Decision on her complaint fewer than 90 days prior to the filing of the instant civil action.

### Venue

3. Venue is proper in this judicial district as plaintiff is employed by the U.S. Department of Homeland Security which is headquartered in the District of Columbia, records pertaining to plaintiff's employment are maintained by DHS in this judicial district, and but for the principle decisions adverse to plaintiff's employment that are the subject of this civil action, plaintiff would have been working for the Department of Homeland Security in the District of Columbia – this judicial district.

### Parties

4. Plaintiff is an African American female citizen of the United States and resident of the Commonwealth of VirginiaDistrict of Columbia. Plaintiff is employed by the United States Department of Homeland Security as a Management Program Analyst (MPA), GS-343-12, in the Office of Infrastructure Protection at the National Infrastructure Coordinating Center in Arlington, Virginia.

5. Elaine C. Duke is currently the Acting Secretary of the Department of Homeland Security and, as such, heads the DHS, which is a defendant within the Executive Branch of the

government of the United States that has employed more than 500 persons in each of the last 20 weeks. Ms. Duke is being sued here in her official capacity only.

### Statement of Facts

6. Plaintiff is a GS-343-12 Management and Program Analyst ("MPA") with DHS. Because of her prior experience in law enforcement – as a police detective for 15 years with DeKalb County (Atlanta, Ga.) Police Department and DeKalb County Sheriff's Department, and in the U.S. military (four years of active duty and 18 years as a reservist) with the U.S. Air Force, ending as an E-6 in the military police – she is eligible to apply for GS-1801 positions at the GS-14 level. Plaintiff has also had five years of experience in operations in emergency management earned with the Centers for Disease Control and Prevention, the U.S. Department of Agriculture, and DHS, as well as with DeKalb Police Department.

7. In the Spring of 2015, plaintiff applied for several positions to be a Protective Security Advisor ("PSA") in DHS's Protective Security Compliance Division ("PSCD") advertised under Vacancy Announcement No. FS-1331913-SW15. As advertised, one vacancy was in Arkansas and one was in the District of Columbia, but in the end, two GS-1801-14 positions were filled in District of Columbia under this vacancy announcement, and one in Arkansas.

8. Plaintiff was on the best qualified list for these vacancies and was interviewed for them in June 2015 (the Arkansas job interview was on or about June 10, 2015, and the D.C. position(s) interview was on or about June 17, 2015).

9. Plaintiff was highly qualified for these GS-14 PSA positions, not only based on her prior law enforcement experience, but also on her formal education, which includes an Master's degree in Homeland Security from the American Military University (2010), a Master's Certificate in Disaster Emergency Management also from the American Military University (2012), and a

Bachelor's degree in Criminal Justice from St. Leo University (2008). Plaintiff also attained very strong recommendations for the PSA position from the recently retired DHS Principal Deputy Assistant Secretary for Office of Infrastructure Protection (the Office over PSCD), William F. Flynn. In addition, plaintiff is a 30 percent disabled veteran.

10. Despite her being the most highly qualified applicant, defendant did not select plaintiff for any of the positions to which she applied under Vacancy Announcement No. FS-1331913-SW15. Defendant instead selected less qualified white males for the PSA positions.

11. In or around July 2015, defendant advertised additional PSA vacancies in Atlanta, Georgia, but this time it advertised them as Reassignment Opportunities available only to GS-14 and GS-15 level employees. In so doing, this action had the intended effect of excluding plaintiff from eligibility to apply, despite her having all the requisite general and specialized skills and experience needed to perform the job, and her having extensive law enforcement experience in Atlanta, Georgia, making her particularly well suited for these positions. Defendant purposely excluded plaintiff from these opportunities because of her race and/or sex, and she would undoubtedly have been the most qualified applicant had she been permitted to apply.

12. In fact, DHS has a long history of passing plaintiff over in favor of less qualified males when she has applied for PSA positions. She has been submitting applications for PSA positions within DHS since 2013. In 2014, plaintiff was passed over in favor of a white male who failed to meet the suitability requirements, necessitating that the position be re-advertised. Each time plaintiff has applied for a PSA position, DHS has selected a less qualified white male instead. Plaintiff's skills and experience render her highly qualified, but defendant has not selected her over and over again because of her race and/or sex.

13. DHS employs 100 PSA's nationally. All but four are males. All but four of the male PSA's are white. Three of the four female PSA's are white, and the fourth is a white Hispanic. DHS does not employ a single African American female PSA. All relevant responsible management officials are white.

14. Following her non-selection under Vacancy Announcement No. FS-1331913-SW15, plaintiff timely filed an Equal Employment Opportunity ("EEO") complaint, alleging unlawful discrimination on the basis of her race and/or sex. Plaintiff amended her complaint to include having been excluded from applying to the subsequent PSA vacancies in Atlanta, Georgia, and thereby not being selected. Fewer than 90 days prior to the filing of this complaint, plaintiff received DHS's Final Agency Decision, which was dispatched to plaintiff on August 24, 2017.

## Statement of Claim

### Claim – Race and Sex Discrimination

15. As previously stated herein above in paragraph nos. 6-14, defendant, through subordinate DHS management, discriminated against plaintiff on the basis of her race and sex.

16. As a consequence of such race and sex based discrimination, plaintiff has suffered and continues to suffer loss of pay, career damage, as well as personal and professional humiliation, and other emotional injury, as well as diminution in the enjoyment of life.

## Prayer for Relief

17. Plaintiff requests that the Court advance this case on the calendar and find that, in the treatment accorded plaintiff, defendant discriminated against her on the basis of her race and/or sex in violation of Title VII of the Civil Rights Act, as amended, and order that:

(a) defendant is to appoint plaintiff to a GS-14 PSA position in an acceptable location, retroactive to July 2015;

    (b)    defendant is to provide plaintiff with payment of full back pay and other benefits, with interest thereon;

    (c)    defendant is to pay to plaintiff the sum of $300,000.00 in compensatory damages suffered as a result of the discrimination taken against her, plus interest thereon;

    (d)    defendant is to refrain from any future acts of discrimination and/or retaliation against plaintiff;

    (e)    defendant is to pay plaintiff the costs of bringing and maintaining this civil action and the administrative charges which preceded it, including reasonable attorneys' fees, pursuant to 42 U.S.C. 2000e-5(k), with interest thereon; and,

    (f)    in addition, the Court will order defendant to provide plaintiff with such other and further relief as the interests of justice may require.

### Jury Demand

18. Plaintiff hereby requests a jury trial on all issues of fact, including the measure of damages.

Respectfully submitted,

_____
David H. Shapiro
D.C. Bar No. 961326
J. Cathryne Watson
D.C. Bar No. 1032640
SWICK & SHAPIRO, P.C.
1101 15th Street, N.W., Suite 205
Washington, DC 20005
Tel. 202-842-0300
Fax 202-842-1418
Email - dhshapiro@swickandshapiro.com
           jcwatson@swickandshapiro.com

Attorneys for Plaintiff